# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GREEN MEDICAL MARKETING LLC, | Case No.: 2:20-cv-01298-APG-NJK |
| Plaintiff(s), | **Order** |
| v. | [Docket No. 10] |
| MICHAEL A. SNAVELY, | |
| Defendant(s). | |

Pending before the Court are Plaintiff's motions to extend the time to serve Defendant and to approve service by publication. Docket No. 10. The motion is properly decided without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the motion is hereby **GRANTED**.

## I. MOTION TO EXTEND TIME FOR SERVICE

Where good cause is shown, the time for serving the complaint is extended for an appropriate period. *See* Fed. R. Civ. P. 4(m). The motion establishes sufficient cause to extend the time for effectuating service by 45 days to February 15, 2021.

## II. MOTION FOR SERVICE BY PUBLICATION

Plaintiff next seeks an order that it be allowed to effectuate service by publication. Service is to be provided pursuant to the law of the forum state, or in which service is made. *See* Fed. R. Civ. P. 4(e)(1). Nevada law permits service by publication if the plaintiff cannot, after due diligence, locate the defendant. *See* Nev. R. Civ. P. 4.4(c)(1)(a). Due diligence is that which is appropriate to accomplish actual notice and is reasonably calculated to do so. *See Abreu v. Gilmer*, 115 Nev. 308, 313 (1999) (citing *Parker v. Ross*, 117 Utah 417, 217 P.2d 373, 379 (Utah 1950)). Courts may consider the number of attempts made to serve the defendant at his residence and other

methods of locating the defendant, such as consulting public directories and family members. *See, e.g.*, *Price v. Dunn*, 787 P.2d 786, 786-87; *Abreu* 115 Nev. at 313; *McNair v. Rivera*, 110 Nev. 463, 874 P.2d 1240, 1241 (Nev. 1994).  Service by publication is generally disfavored because substituted service implicates a defendant's constitutional right to due process. *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15; *Trustees of the Nev. Resort Assoc.— Int'l Alliance of Theatrical Stage Employees & Moving Picture Machine Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

Plaintiff has established in this case that service by publication is warranted.  Plaintiff has attempted to effectuate service on Defendant on numerous occasions.  For example, Plaintiff has provided notice of this suit to the attorney representing Defendant in the related Patent and Trademark Office proceeding, but defense counsel has declined to accept service.  *See* Mot. at 4.[1] Plaintiff has also attempted to serve Defendant personally on several occasions, most notably at his residence at Veer Towers.  Defendant has stymied those efforts by refusing the answer the door once alerted to the process server's presence and desire to effectuate service.  *See* Docket Nos. 10-2, 10-3.[2]  These circumstances suffice to allow service by publication at this juncture.

### III.  CONCLUSION

For the reasons discussed above, the motion to extend time and for service by publication is **GRANTED**.  The deadline to serve Defendant is extended to February 15, 2021.  Plaintiff must comply with the requirements of Rule 4 of the Nevada Rules of Civil Procedure.  Plaintiff must serve Defendant by publication in a newspaper of general circulation in the State of Nevada on a weekly basis for a period of four weeks.  Plaintiff must also mail a copy of the summons and

---

[1] The motion references this refusal as attested to in the attached declaration of Plaintiff's counsel.  *See id.*  Unfortunately, the declaration that was filed appears to be an out-of-date version that does not attest to this refusal.  *See* Docket No. 10-1 (declaration dated October 21, 2020).  Particularly given the other facts (separate from the discussions with opposing counsel) that are properly supported, the Court will accept in this instance counsel's representation made in the motion itself that Defendant's PTO attorney refused to accept service.  *See* Fed. R. Civ. P. 11(b)(3).  Future filings must be properly supported, however, as the Court may not provide such a courtesy moving forward.

[2] Veer Towers has a desked concierge who communicates with residents when a request is made for ingress or delivery.  *E.g.*, Docket No. 10-3 at ¶ 6.

complaint to Defendant's last known address. After publication is complete, Plaintiff must file an Affidavit of Publication.

    IT IS SO ORDERED.

    Dated: December 10, 2020

_____
Nancy J. Koppe
United States Magistrate Judge